UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| WESTFIELD GROUP A/S/O | ) | |
| KENTUCKY EAGLE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | 5:12-cv-241-JMH |
| v. | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| KENTUCKY UTILITIES CO., et. | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \*

This matter is before the Court on Defendant Kentucky Utilities Company's ("Kentucky Utilities") motion for summary judgment [D.E. 20], Plaintiff Westfield Group's ("Westfield") motion under Federal Rule of Civil Procedure 56(d) to continue discovery [D.E. 26], Westfield's motion for leave to withdraw or amend responses to Kentucky Utilities request for admissions under Federal Rule of Civil Procedure 36(b) [D.E. 24], and Westfield's motion to file an amended complaint [D.E. 25]. For all of the above-listed motions, either the time has expired for a response, or the appropriate responses [D.E. 26, D.E. 32] and replies [D.E. 30, D.E. 34] have been filed. Thus, these motions are now ripe for review. For the reasons which follow, the Court will deny Kentucky Utilities' motion for summary judgment [D.E. 20], grant Westfield's motion for leave to

withdraw or amend the responses to Kentucky Utilities'
request for admissions [D.E. 24], and grant Westfield's
motion to file an amended complaint [D.E. 25]. Westfield's
motion to continue discovery under Rule 56(d) will be
denied as moot. [D.E. 26].

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute in this case arises from a
traffic accident that took place on July 27, 2010, on
Southland Drive in Lexington, Kentucky. [D.E. 1 at 3]. On
that evening, one of Plaintiff Kentucky Eagle, Inc.'s
("Kentucky Eagle") employees was lawfully operating a
tractor-trailer owned by Kentucky Eagle when he collided
with overhead electric and/or telephone lines. [D.E. 1 at
3]. The electric and telephone lines were attached to a
mast, which, as a result of the collision, fell over and
caused an electrical fire to break out at Hunan Restaurant.
[D.E. 1 at 3].

Ohio Casualty Company was the insurer for the owner
and tenant of Hunan Restaurant. [D.E. 26-3 at 2]. As the
liability insurer for Kentucky Eagle, Westfield paid claims
on its behalf to Ohio Casualty Company. [D.E. 26-3 at 2—
3]. Afterwards, Westfield, as subrogee of Kentucky Eagle,
filed a complaint in this action seeking relief from
Kentucky Utilities and Windstream Kentucky East, LLC, the

2

respective owners of the electrical and phone lines that allegedly, according to Westfield, caused the accident. [D.E. 1 at 2—3].

The present dispute arises over a request for admissions served on Westfield by Kentucky Utilities on January 28, 2013. Westfield failed to respond to the request for admissions within the time allotted by Federal Rule of Civil Procedure 36(b) due to a filing error.[1]

The request for admissions served upon Westfield essentially asked it to admit their entire legal case. For example, by not responding to the request, Westfield admitted that "Kentucky Eagle, Inc. and/or John Porter is at fault for causing the subject fire" and that it has "no evidence to establish th61at the Kentucky Eagle truck struck an electrical line and not a telephone line." [D.E. 20-3 at 1]. Therefore, because Westfield never answered the request, Kentucky Utilities, without first contacting Westfield about their failure to respond, filed a summary judgment motion on May 2, 2013. [D.E. 20]. Westfield followed with a motion to continue Kentucky Utilities'

---

[1] It is a sad day when counsel chooses to play "gotcha" with opposing counsel. A simple telephone call or email would have allowed counsel to determine whether opposing counsel intended not to respond to the requests for admission, thereby saving the Court and the parties much time, money, and effort, since the parties could have then worked out a resolution without troubling the Court.

motion under Rule 56(d) until the end of the discovery period set by this Court's scheduling order [D.E. 26], a motion for leave to withdraw or amend its response to the request for admissions under Rule 36(b) [D.E. 24], and a motion to file an amended complaint [D.E. 25].

**II. ANALYSIS**

"A district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (internal citation and quotation marks omitted). However, "[t]he court's discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) 'when the presentation of the merits of the action will be subserved thereby,' and (2) 'when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'" *Id.* (quoting Fed. R. Civ. P. 36(b)).

"The first prong of the test articulated in Rule 36(b) is satisfied when upholding the admission would practically eliminate any presentation on the merits of the case." *Riley v. Kurtz*, No. 98-1077, 194 F.3d 1313, *2 (6th Cir. Sept. 28, 1999) (unpublished table opinion) (internal citation and quotation marks omitted). Further, the

4

prejudice contemplated by the second prong of Rule 36(b) "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Kerry Steel*, 106 F.3d at 154. "Instead, prejudice under Rule 36(b) 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" *Riley*, 194 F.3d at *2 (quoting *Kerry Steel*, 106 F.3d at 154).

There is no doubt that upholding Westfield's admissions in this case would eliminate any resolution of this issue on the merits. The request asked Westfield to admit point blank that it had no evidence to establish that the Kentucky Eagle truck struck an electrical line, and that Kentucky Eagle was at fault for causing the fire at issue. [D.E. 20-3 at 1]. Thus, permitting Westfield to amend the admissions satisfies the first prong of Rule 36(b), since allowing the amendment would certainly "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b).

The Sixth Circuit's decision in *Riley* supports this conclusion. *Riley*, 194 F.3d at 1313. In *Riley*, the Defendant overlooked the word "falsely" in the request for admissions served upon him. *Id.* at *2. As a result, he inadvertently admitted to "falsely" making accusations

5

against the Plaintiff, which was a core issue in the case. *Id.* The Sixth Circuit noted that permitting the Defendant to withdraw or amend the omission "satisfied the first prong of Rule 36(b) because an amendment would have undeniably allowed the merits of the case to be adjudicated." *Id.* An identical conclusion is appropriate here.

Further, Kentucky Utilities will not be prejudiced in maintaining and defending the action on the merits, as it will not be confronted with any "special difficulties" from a "sudden need to obtain evidence upon . . . amendment." *Kerry Steel*, 106 F.3d at 154 (internal citation omitted). This is particularly the case because the parties' discovery period, as set forth in this Court's December 14, 2012 scheduling order [D.E. 15], sets the deadlines for completion of fact discovery on September 9, 2013, and expert discovery on December 30, 2013. Further, both parties have yet to take depositions or conduct any significant discovery. Thus, the only prejudice that Kentucky Utilities will suffer if Westfield's motion is granted is that Kentucky Utilities will now have to convince the fact finder of the truth of the unanswered request for admissions, an undertaking which is not

considered prejudice under Rule 36(b).  *Kerry Steel*, 106 F.3d at 154.

This conclusion is supported by Sixth Circuit precedent.  For example, in *Clark v. Johnston*, 413 F. App'x 804 (6th Cir. 2011) (unpublished), a panel determined that a plaintiff was not prejudiced by the district court's grant of leave to the defendant to withdraw responses to admissions because the plaintiff still "had plenty of time during the discovery process to introduce other evidence" that the court could have considered in deciding a summary judgment motion.  Similarly in this case, Kentucky Utilities has plenty of time to conduct discovery and file a summary judgment motion on the merits of the action.  *Cf. Riley*, 194 F.3d at *2 (holding that the defendant would be prejudiced if the plaintiff were granted leave to amend his responses because the plaintiff did not move to amend until the third day of trial after the close of his case).

Accordingly, "[b]ecause the risk of prejudice to [Kentucky Utilities] is low and the request at issue goes to the heart of the dispute," the Court will use its "considerable discretion" to grant Westfield's motion for leave to amend or withdraw the responses to request for admissions.  *Scott v. Garrard Cnty. Fiscal Court*, No. 5:08-cv-273-JMH, 2012 WL 619230, at *2 (E.D. Ky. Feb. 24, 2012);

*Kerry Steel*, 106 F.3d at 154; [D.E. 24]. Because Westfield's failure to respond to the request is the only basis upon which Kentucky Utilities moved for summary judgment, the summary judgment motion is, therefore, denied without prejudice. Discovery shall continue in this case pursuant to the deadlines set forth in this Court's scheduling order. [D.E. 15]. Therefore, Westfield's motion for a continuation to complete additional discovery is denied as moot.

Westfield also filed a motion seeking permission to file an amended complaint in this action. [D.E. 25]. This motion is unopposed, as the time has expired for a response to be filed. The only amendments suggested in the proposed amended complaint are to change the address of Defendant Windstream Kentucky East, LLC, so that the address is correctly reflected in the record, and the correction of a typographical error in paragraph 11. [D.E. 25]. The motion was filed in a timely fashion on May 22, 2013, pursuant to the Court's scheduling order, which required amended pleadings to be filed by June 6, 2013. Thus, Plaintiff's motion is granted.

**III. CONCLUSION**

For the reasons stated above, **IT IS ORDERED:**

8

1) that Defendant's Motion for Summary Judgment [D.E. 20] is **DENIED WITHOUT PREJUDICE**;

2) that Plaintiff's Motion for Leave to Withdraw and Amend Responses to KU's Request for Admissions [D.E. 24] is **GRANTED**; Plaintiff has ten (10) days to serve complete responses to Kentucky Utilities' Request for Admissions on Defendant;

3) that Plaintiff's Motion for a Continuance to Complete Additional Discovery [D.E. 26] is **DENIED AS MOOT**. Discovery shall run until the specified times in this Court's scheduling order [D.E. 15];

4) that Plaintiff's Motion to File an Amended Complaint [D.E. 25] is **GRANTED**.

This the 28th day of June, 2013.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge